IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-99-H
No. 4:14-CV-62-H

JASON BROCK SPENCER,  )
    Petitioner,  )
      )
    v.  )      **ORDER**
      )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate under 28 U.S.C. § 2255. [D.E. #56]. Petitioner has filed a response, and this matter is ripe for adjudication.

### BACKGROUND

On January 4, 2012, petitioner pled guilty, without a plea agreement, to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On June 12, 2012, petitioner was sentenced to a term of imprisonment of 216 months after the court found he was eligible for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). Judgment was entered on June 18, 2012. Petitioner appealed his judgment, and the Fourth Circuit Court of Appeals affirmed it in an opinion issued on April 10, 2013. Petitioner filed the instant motion to vacate his sentence on April 11, 2014, alleging he was improperly sentenced under the ACCA because his

predicate convictions of North Carolina breaking or entering cannot qualify as "crimes of violence" for purposes of the ACCA. While petitioner alleges as a second ground that <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), overruled prior adverse precedent in the Fourth Circuit as to petitioner's first claim, the court construes this purported second ground as an argument in support of his first.

### COURT'S DISCUSSION

Title 18 U.S.C. § 924(e) provides "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions... for a violent felony...[,]" the person shall be subject to a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e). A violent felony is in relevant part "any crime punishable by imprisonment for a term exceeding one year... that— ...is burglary[.]"

Here, the question presented is whether a person may be sentenced under the ACCA on the basis of at least three prior convictions for North Carolina breaking or entering under N.C. Gen. Stat. § 14-54(a). The Fourth Circuit Court of Appeals has answered this question affirmatively in <u>United States v. Mungro</u>, 754 F.3d 267, 272 (4th Cir. 2014) (holding a conviction for violation of N.C. Gen. Stat. § 14-54(a) qualifies as an ACCA predicate offense under the enumerated offense of burglary set forth in 18 U.S.C. § 924(e)(2)(B)(ii)). Because the Fourth

2

Circuit did not rely upon the residual clause in making this decision, the Supreme Court's decision in Johnson has no impact on petitioner's sentence under the ACCA. Further, because Mungro was decided after Descamps, petitioner's argument fashioned as a second ground fails.

Petitioner was therefore properly sentenced under the ACCA on the basis of three prior convictions for violation of N.C. Gen. Stat. § 14-54(a). Finding no error in petitioner's sentencing under the ACCA, he has failed to show his sentence was unlawful or in excess of the statutory maximum on the basis of the court's application of a sentencing enhancement under the ACCA.

## CONCLUSION

For the foregoing reasons and for reasons more fully set forth in the government's memorandum of law, the government's motion to dismiss, [D.E. #56], is GRANTED. Petitioner's motion to vacate, [D.E. #52], is DISMISSED. In light of this order, petitioner's motion requesting speedy disposition, [D.E. #61], is DENIED AS MOOT.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that

3

any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This <u>26th</u> day of May, 2016.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34